UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re                                                      Case No. 23-10003

Ryan R. Francis                                            Chapter 13
                        Debtor

MOTION FOR LEAVE TO SELL 62 HOLMES ROAD, DEDHAM, MA 02026 AND CLEAR
OF ALL LIENS, CLAIMS, AND ENCUMBRANCES TO NATACHA DORVELUS

The Debtor in the above-entitled matter moves this Honorable Court for leave to sell the

home at 62 Holmes Road, Dedham, MA 02026 ("Real Property").  In support of this motion, the

Debtor states as follows

1. This case was commenced on January 4, 2023, by filing a Voluntary Petition for Relief under

   Chapter 13 of the United States Bankruptcy Code.

2. Debtor Ryan R. Francis owns the real estate and would like to sell the property.

3. The Debtor has a buyer for said property and entered a Purchase and Sale Agreement. *See*

   Exhibit A.

4. Pursuant to the Purchase and Sale Agreement, the Debtors have agreed, subject to the

   approval of the Bankruptcy Court, to sell the Property to Natacha Dorvelus (the "Purchaser")

   for a total purchase price of $515,000.00. As set forth in the Agreement, the Purchaser paid a

   $1,000.00 deposit with the contract to purchase. The balance of the Purchase Price will be

   paid upon the closing of the Sale.  The Debtor will sell the Property with quitclaim

   covenants.

5. The Parties have tentatively scheduled the closing for February 15, 2023, or reasonably

   thereafter.

6. Proceeds shall be distributed as follows:

A.   Normal closing costs including property taxes, municipal charges, heating oil credits, water and sewer charges, broker fees, documentary stamps, seller's recording fees, courier fees, and other fees that are normally paid by members of the Real Estate Bar Association for Massachusetts during a closing. and standard adjustments between the parties.

B.   Pay prepetition first position mortgage held by Wilmington Trust National Association recorded in the Norfolk County Registry of Deeds at Book 19063 Page 244 in full.  The Debtor will obtain a payoff prior to the closing.

C.   Sale is free and clear of prepetition judicial lien held by American Builders and Contract Supply.

D.   Remaining proceeds exempt up to $500,000.00 pursuant to a recorded declaration of homestead.  The Debtor does not anticipate any proceeds over the exemption will be available to unsecured creditors

7.   The Property shall be sold free and clear of all claims, liabilities, equities, exceptions, contracts, options, obligations, encumbrances, charges, rights of third parties (express or implied), restrictions, mortgages, security interests, and other liens or liabilities of any nature. Any perfected, enforceable, valid liens shall attach to the balance of the proceeds of the sale, after deducting the payment for any closing costs as set forth in the Agreement, in accordance with the priorities established under applicable law.

8.   The Debtor believes that the purchase price is fair and reasonable, and that the Property is not likely to attract an offer higher than the Purchase Price at this time.  The proposed private sale is in the estate's best interest because the Debtor obtained a fair and reasonable price for the Property and has avoided the additional cost of conducting a public sale.

9.  The Debtor made a good faith effort to market the property and believes this offer represents the highest price she would be able to receive.

10. The Debtor requests this Court's approval of the proposed Notice of Intended Private Sale of Estate Property, Deadline for Submitting Objections and Higher Offers and Hearing Date (the "Notice") attached as "Exhibit B."

11. Upon approval of the Court, the Debtor shall serve the Notice (as supplemented by this Court) on all creditors, parties in interest, including the United States Trustee, parties who have filed appearances and requested service of all pleadings and notices, and parties regarded by the Seller as potential purchasers.

12. Finally, the Debtor requests that this court waive the 14-day stay of the order authorizing the sale imposed by Fed. R. Bankr. 6004(h) due to the February 14, 2023 anticipated closing date.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

1.  Approving the Notice of Intended Private Sale and manner of service as set forth above;

2.  Directing that the Property be sold free and clear of all claims, liabilities, equities, exceptions, contracts, options, obligations, encumbrances, charges, rights of third parties (express or implied), restrictions, mortgages,  security interests, and other liens, and that any perfected, enforceable valid liens shall attach to the balance of the proceeds of the sale , after deducting the payment for any closing costs as set forth in the Agreement, in accordance with the priorities established under applicable law;

3.  Authorizing the Debtor to utilize the proceeds of the Sale, to the extent necessary, to pay closing costs associated with the Sale as set forth in the Agreement;

4.  Authorizing and empowering the Debtor to take such further actions as are necessary,

appropriate, or desirable to consummate the transactions provided for, or contemplated in,

the Agreement;

5.  Finding the buyer is a good faith buyer under 11 U.S.C. 363(m) and waiving the 14-day stay

of the order allowing sale in Fed. R. Bankr. P 6004(h);

6.  Ordering the Debtor to provide the closing statement to the Chapter 13 Trustee; and

7.  Granting such other relief as the Court deems just and proper.

Respectfully submitted,
Through counsel,

Dated:  January 16, 2023                     _/s/ Thomas C. Benner_
                                            Thomas C. Benner, Esq.
                                            Benner Law, P.C.
                                            33 Samoset Street
                                            Plymouth, MA  02360
                                            (508) 746-8030
                                            BBO# 655483
                                            tbenner@tbennerlaw.com

dotloop signature verification: dtlp.us/RMoM-cRYR-SruT

**STANDARD PURCHASE AND SALE AGREEMENT**
**(With Contingencies)**



**MASSACHUSETTS**
ASSOCIATION OF REALTORS®

The parties make this Agreement this_ _ _ _10th _ day of_ _ _ _ _ _ _ _January _ _ _ _ _ . 2023 This Agreement supersedes and replaces all obligations

made in any prior Contract To Purchase or agreement for sale entered into by the parties. **1. Parties.**

RYAN FRANCIS of 63 Holmes Road, Dedham, MA  02026
_____ *(insert name),* the "SELLER," agrees to sell and NATACHA DORVELUS-------------
---------

_____ *(insert name),* the "BUYER," agrees to buy, the premises described in paragraph 2 on the terms set
forth below. BUYER may require the conveyance to be made to another person or entity ("Nominee") upon notification in writing to SELLER at least five
business days prior to the date for

performance set forth in paragraph 5. Designation of a Nominee shall not discharge the BUYER from any obligation under this Agreement and BUYER
hereby agrees to guarantee performance by the Nominee.

**2. Description Of Premises.** The premises (the "Premises") consist of:
(a) the land, single family dwelling with any and all buildings thereon known as _____

63  Holmes Road, Dedham, MA 02026
------------------------------- , as more specifically described in a deed recorded in the_ NORFOLK_____ Registry of Deeds at Book 19063 , Page

244, a copy of which ☐ is X is not *(choose one)* attached; and
(b) all structures, improvements on the land and the fixtures, including, but not limited to: any and all storm windows and doors, screens, screen
doors, awnings, shutters, window shades and blinds, curtain rods, furnaces, heaters, heating equipment, oil and gas burners and fixtures, hot water
heaters, plumbing and bathroom fixtures, towel racks, built-in dishwashers, garbage disposals and trash compactors, stoves, ranges, chandeliers, electric
and other lighting fixtures, burglar and fire alarm systems, mantelpieces, wall-to-wall carpets, stair carpets, exterior television antennas and satellite
dishes, fences, gates, landscaping including trees, shrubs, flowers; and the following built-in components, if any: air conditioners, vacuums systems,
cabinets, shelves, bookcases and stereo speakers, and _____ _

but excluding _____ REFRIGERATOR, WASHER, DRYER

**3. Purchase Price.** The purchase price for the Premises is $ _____515,000.00 _ dollars of which

$  1,000.00_ were paid as a deposit; and

$514,400.00_ are to be paid at the time of the recording of the deed by IOLTA check or by wire transfer.

$ 515,000.00 Total _____

**4. Escrow.** All funds deposited or paid by the BUYER shall be held in a non-interest bearing escrow account, by _Seller's Broker_____ _
_____, as escrow agent, subject to the terms of this Agreement and shall be paid or otherwise duly accounted for at the time for performance.
If a dispute arises between the BUYER and SELLER concerning to whom escrowed funds should be paid, the escrow agent shall retain all escrowed funds
pending written instructions mutually given by the BUYER and the SELLER or by order from a court of competent jurisdiction. The escrow agent shall abide
by any Court decision concerning to whom the funds shall be paid and shall not be made a party to a lawsuit solely as a result of holding escrow funds.

**SELLER'S INITIALS**

**BUYER'S INITIALS**

**MASSFORMS"**  ©1999, 2000, 2002, 2006, 2007, 2008, 2010, 2012, 2020, 2022 MASSACHUSETTS ASSOCIATION OF REALTORS®

NJD
01/10/23
11:49 AM EST
dotloop verified

RF
b58ac0c

STANDARD PURCHASE AND SALE AGREEMENT
(With Contingencies)



**MASSACHUSETTS**
ASSOCIATION OF REALTORS®

**5.** **Time For Performance.** The SELLER shall deliver the deed and the BUYER shall pay the balance of the purchase price at 11:00 a.m. on the _____ 15th day of _____ February 2023 , at the office of the attorney representing the BUYER's lender, or at such other time and place as is mutually agreed in writing. TIME IS OF THE ESSENCE AS TO EACH PROVISION OF THIS

AGREEMENT. Unless the deed and other documents required by this Agreement are recorded at the time for performance, all documents and funds are to be held in escrow, pending prompt rundown of the title and recording. SELLER'S attorney or other escrow agent shall disburse funds the next business day following the date for performance, provided that the recording attorney has not reported a problem outside the recording attorney's control.

**6.** **Title/Plans.** The SELLER shall convey the Premises by a good and sufficient quitclaim deed running to the Buyer or to the BUYER'S nominee, conveying good and clear record and marketable title to the Premises, free from liens and encumbrances, except: (a) Real estate taxes assessed on the Premises which are not yet due and payable;

(b) Betterment assessments, if any, which are not a recorded lien on the date of the closing;

(c) Federal, state and local laws, ordinances, bylaws, rules and regulations regulating use of land, including building codes, zoning bylaws, health and environmental laws; (d) Rights and obligations in party walls;

(e) Any easement, restriction or agreement of record presently in force which does not interfere with the reasonable use of the Premises as now used as a single family dwelling;

(f) Utility easements in the adjoining ways;

(g) Matters that would be disclosed by an accurate survey of the Premises; and

If the deed refers to a plan needed to be recorded with it, at the time for performance the SELLER shall deliver the plan with the deed in proper form for recording or registration.

**7.** **Title Insurance.** BUYER'S obligations are contingent upon the availability (at normal premium rates) of an owner's title insurance policy insuring BUYER'S title to the premises without exceptions other than the standard exclusions from coverage printed in the current American Land Title Association ("ALT A") policy cover, the standard printed exceptions contained in the ALT A form currently in use for survey matters and real estate taxes (which shall only except real estate taxes not yet due and payable) and those exceptions permitted by paragraph 6 of this Agreement.

**8.** **Closing Certifications and Documents.** The SELLER shall execute and deliver simultaneously with the delivery of the deed such certifications and documents as may customarily and reasonably be required by the BUYER'S attorney, BUYER'S lender, BUYER'S lender's attorney or any title insurance company insuring the BUYER'S title to the Premises, including, without limitation, certifications and documents relating to: (a) parties in possession of the premises; (b) the creation of mechanics' or materialmen's liens; (c) the Settlement Statement and other financial affidavits and agreements as may reasonably be required by the lender or lender's attorney; ( d) the citizenship and residency of SELLER as required by law; and (I) information required to permit the closing agent to report the transaction to the Internal Revenue Service. At the time of delivery of the deed, the SELLER may use monies from the purchase to clear the title, provided that all documents related thereto are recorded with the deed or within a reasonable time thereafter acceptable to the BUYER and, provided further, that discharges of mortgages from banks, credit unions, insurance companies and other institutional lenders may be recorded within a reasonable time after recording of the deed in accordance with usual conveyancing practices. The SELLER'S spouse hereby agrees to release all statutory, common law or other rights or interest in the Premises and to execute the deed, if necessary.

**9.** **Possession And Condition Of Premises.** At the time for performance the SELLER shall give the BUYER possession of the entire Premises, free of all occupants and tenants and of all personal property, except property included in the sale. At the time for performance the Premises also shall comply with the requirements of paragraph 6, and be broom clean and in the same condition

SELLER'S INITIALS                                    BUYER'S INITIALS

**MASSFORMS"**        ©1999, 2000, 2002, 2006, 2007, 2008, 2010, 2012, 2020, 2022 MASSACHUSETTS ASSOCIATION OF REALTORS®





**STANDARD PURCHASE AND SALE AGREEMENT**

**(With Contingencies)**



**MASSACHUSETTS**
ASSOCIATION OF REALTORS®

as the Premises now are, reasonable wear and tear excepted, with the SELLER to have performed all maintenance customarily undertaken by the SELLER between the date of this Agreement and the time for performance, and there shall be no outstanding notices of violation of any building, zoning, health or environmental law, bylaw, code or regulation, except as agreed. The BUYER shall have the right to enter the Premises within forty-eight (48) hours prior to the time for performance or such other time as may be agreed and upon reasonable notice to SELLER for the purpose of determining compliance with this paragraph. At the time of recording of the deed, or as otherwise agreed, the

SELLER shall deliver to BUYER all keys to the Premises, garage door openers and any security codes. Until delivery of the deed, the SELLER shall maintain fire and extended coverage insurance on the Premises in the same amount as currently insured.  All risk of loss shall remain with the SELLER until the acceptance and recording of the Deed by Buyer.

**10.**    **Extension Of Time For Performance.** If the SELLER cannot convey title as required by this Agreement or cannot deliver possession of the Premises as agreed, or if at the time of the delivery of the deed the Premises do not conform with the requirements set forth in this Agreement or the BUYER is unable to obtain title insurance in accordance with paragraph 7, the time for performance shall be automatically extended for thirty (30) days, except that if BUYER'S mortgage interest rate expires or the terms will materially and adversely change in fewer than thirty (30) days, the time for performance set forth in paragraph 5 shall be extended to one business day before expiration of the mortgage interest rate. SELLER shall use reasonable efforts to make title conform or to deliver possession as agreed, or to make the Premises conform to the requirements of this Agreement. Excluding discharge of mortgages and liens, about which the SELLER has actual knowledge at the time of signing this Agreement, the SELLER shall not be required to incur costs or expenses totaling in excess of one-half (1/2) of one percent of the purchase price to make the title or the Premises conform or to deliver possession as agreed. If at the expiration of the time for performance, or if there has been an extension, at the expiration of the time for performance as extended, the SELLER, despite reasonable efforts, cannot make the title or Premises conform, as agreed, or cannot deliver possession, as agreed, or if during the period of this Agreement or any extension thereof, the SELLER has been unable to use proceeds from an insurance claim, if any, to make the Premises conform, then, at the BUYER'S election, any payments made by the BUYER pursuant to this Agreement shall be immediately returned. Upon return of all such funds, all obligations of the BUYER and SELLER shall terminate and this Agreement shall automatically become void and neither the BUYER nor SELLER shall have further recourse or remedy against the other.

**11.**    **Nonconformance Of Premises.** If the Premises do not conform to the requirements of paragraph 9 because they have been damaged by fire or other casualty (occurring after the date of this Agreement) that is covered by insurance, then the BUYER shall have the right to elect whether or not to proceed to accept the Premises and take title. If BUYER elects to proceed BUYER shall have the right to elect to have the SELLER pay or assign to the BUYER, at the time for performance, the proceeds recoverable on account of such insurance, less any cost reasonably incurred by the SELLER for any incomplete repairs or restoration. If the SELLER, despite reasonable efforts, has neither been able to restore the Premises to its former condition nor to pay or assign to the BUYER the appropriate portion of insurance proceeds, the BUYER shall have the right to elect to have the SELLER give the BUYER a credit toward the purchase price, for the appropriate amount of insurance proceeds recoverable less any costs reasonably incurred by the SELLER for any incomplete restoration.

**12.**    **Acceptance Of Deed.** The BUYER shall have the right to accept such title to the Premises as the SELLER can deliver at the time for performance and if extended, shall have such right at the time for performance, as extended. The BUYER shall also have the right to accept the Premises in the then current condition and to pay the purchase price without reduction of price. Upon notice in writing of BUYER'S decision to accept the Premises and title, the SELLER shall convey title and deliver possession. Acceptance of a deed by the BUYER or BUYER'S nominee, if any, shall constitute full performance by the SELLER and shall be deemed to release and discharge the SELLER from every duty and obligation set forth in this Agreement, except any duty or obligation of the SELLER that the SELLER has agreed to perform after the time for performance. Notwithstanding the foregoing, all warranties, if any, made by the SELLER shall survive delivery of the deed.

**13.**    **Adjustments.** At the time for performance of this Agreement adjustments shall be made as of the date of performance for current real estate taxes, fuel value, water rates, sewer use charges. The net total of such adjustments shall be added to or deducted from the purchase

**SELLER'S INITIALS**    

**BUYER'S INITIALS**


01/10/23
11:49 AM EST
dotloop verified

**MASSFORMS"**         ©1999, 2000, 2002, 2006, 2007, 2008, 2010, 2012, 2020, 2022 MASSACHUSETTS ASSOCIATION OF REALTORS®


**STANDARD PURCHASE AND SALE AGREEMENT #503** (Page 4 of 6)
**(With Contingencies)**

price payable by the BUYER at the time for performance. If the real estate tax rate or assessment has not been established at the time for performance, apportionment of real estate taxes shall be made on the basis of the tax for the most recent tax year with either party having the right to request apportionment from the other within twelve months of the date that the amount of the current year's tax is established.

**14.    Acknowledgment Of Fee Due Broker.** The SELLER and BUYER acknowledge that a fee of _____ 30,900 -------------) for professional services shall be paid by the SELLER to _____ 6% NORTHEAST PROPERTIES REALTY GROUP LLC the "BROKER", at the time for performance. In the event of a conflict between the terms of this Agreement and a prior fee agreement with BROKER, the terms of the prior fee agreement shall control unless BROKER has expressly agreed to a change in writing. The BUYER and SELLER acknowledge receipt of a notice from BROKER, pursuant to 254 of the Code of Massachusetts Regulations Section 3.0

(13), regarding any agency relationship of the BROKER with the BUYER and/or the SELLER. The BUYER and SELLER understand that

_____ **PADMATCH REALTY** *(insert name)*, a real estate broker, is seeking a fee from _____ NORTHEAST PROPERTIES REALTY GROUP LLC_ *(name*

*of listing broker, seller or buyer, if applicable)* for services rendered as a ☐ **seller's subagent** ⬚ **buyer's agent** ☐ **facilitator (non-agent)** *(choose one)*. The BUYER further represents and warrants that there is no other broker with whom BUYER has dealt in connection with the purchase of the Premises.

**15.    Buyer's Default.** If the BUYER or BUYER'S Nominee breaches this Agreement, but only in the event the SELLER is not in breach of SELLER'S obligations hereunder, all escrowed funds paid or deposited by the BUYER shall be paid to the SELLER as liquidated damages. Receipt of such payment shall constitute the SELLER'S sole remedy, at law, in equity or otherwise, for BUYER'S default. The BUYER and SELLER agree that in the event of default by the BUYER the amount of damages suffered by the SELLER will not be easy to ascertain with certainty and, therefore, BUYER and SELLER agree that the amount of the BUYER'S deposit represents a reasonable estimate of the damages likely to be suffered.

**16.    Buyer's Financing.** The BUYER'S obligation to purchase is conditioned upon obtaining a firm, written commitment for mortgage financing in the amount of $508,000.00 at prevailing rates, terms but not containing any terms or conditions which cannot be satisfied by the BUYER by February 2, 2023. The BUYER shall have an obligation to act reasonably diligently to satisfy any conditions within BUYER'S control. If, despite such diligent efforts, the BUYER has been unable to obtain such firm, written commitment the BUYER may terminate this Agreement by giving written notice that is received by SELLER by 5:00 p.m. on the calendar day after the date set forth above. In the event that notice has not been actually or constructively received, this condition is deemed waived. In the event that due notice has been received, all monies deposited or paid by the BUYER shall be returned and all obligations of the BUYER and SELLER pursuant to this Agreement shall cease and this Agreement shall become void. In no event shall the BUYER be deemed to have used reasonable efforts to obtain financing unless the BUYER has submitted  one (1) application to a licensed mortgage lender by 1/15/2023_____

and acted reasonably promptly in providing any additional information requested by the mortgage lender.

**17. Intentionally Deleted.**

**18. Lead Paint Laws.** For premises built before 1978 BUYER acknowledges receipt of the "Department of Public Health Property Transfer

SELLER'S INITIALS        BUYER'S INITIALS    

**MASSFORMS"**    ©1999, 2000, 2002, 2006, 2007, 2008, 2010, 2012 , 2020, 2022 MASSACHUSETTS ASSOCIATION OF REALTORS®
**STANDARD PURCHASE AND SALE AGREEMENT #503** (Page 5 of 6)
**(With Contingencies)**

Notification" regarding the Lead Law, acknowledges verbal notification of the possible presence of lead hazards and the provisions of the



MASSACHUSETTS
ASSOCIATION OF REALTORS®

Federal and Massachusetts Lead Laws and regulations, including the right to inspect for dangerous levels of lead. Occupancy of premises containing dangerous levels of lead by a child under six years of age is prohibited, subjected to exceptions permitted by law. BUYER further acknowledges that neither the SELLER nor any real estate agent has made any representation, express or implied, regarding the absence of lead paint or compliance with any lead law, except as set forth in writing. After the acceptance and recording of the Deed, BUYER assumes full responsibility for compliance with all laws relating to lead paint removal, if required by law, and related matters (in particular, without limitation, Mass. G.L., c. 111, § 197), and after the acceptance and recording of the Deed, BUYER assumes full responsibility for all tests, lead paint removal and other costs of compliance. Pursuant to 40 CMR 745.113(a), the Property Transfer Notification Certification is attached to this agreement.

**19. Certificate of Approved Installation.** The SELLER shall equip the residential structure on the Premises with approved smoke detectors and carbon monoxide detectors and furnish BUYER with Certificate of Approved Installation from the local Fire Department at the time for performance to the extent required by law as well as any wood stove permit, if any, required by law, regulation or ordinance.

**20. Warranties And Representations.Warranties And Representations.** The SELLER represents and warrants that the Premises are served by aThe SELLER represents and warrants that the Premises X is/ serviced by municipal sewer system The SELLER further represents that he has no knowledge of an underground storage tank or an unapproved and abandoned septic tank. The SELLER has no knowledge of and further represents and warrants that SELLER has full authority to enter into this Agreement. The buyer is not relying upon any representation, underground storage tank or an unapproved and abandoned septic tank. The SELLER further represents verbal or written, from any real estate broker or licensee concerning legal use. Any reference to the category (single family, and warrants that SELLER has full authority to enter into this Agreement. The buyer is not relying upon any representation, verbal or written, multi-family, from any real estate broker or licensee concerning legal use. Any reference to the category (single family, multi-family, residential, commercial) residential, commercial) or the use of this property in any advertisement or listing sheet, including the number of units, number of rooms or other classification is not a other classification is not a representation concerning legal use or compliance with zoning by-laws, building code, sanitary code or other public representation concerning legal use or compliance with zoning by-laws, building code, sanitary code or other public or private restrictions by or private restrictions by the broker. The BUYER understands that if this information is important to BUYER, it is the duty of the BUYER to the broker. The BUYER understands that if this information is important to BUYER, it is the duty of the BUYER to seek advice from an attorney seek advice from an attorney or written confirmation from the municipality. In addition, the BUYER acknowledges that there are no warranties or written confirmation from the municipality. In addition, the BUYER acknowledges that there are no warranties or representations made by or representations made by the SELLER or any broker on which BUYER relies in making this Offer, except those previously made in writing the SELLER or any broker on which BUYER relies in making this Offer, except those previously made in writing or contained herein.

**21. Intentionally Deleted.**

**22.    Counterparts / Electronic Delivery / Construction Of Agreement.** This Agreement may be executed in counterparts. All documents related to this transaction may be delivered electronically, including by encrypted email or facsimile, and shall have the same effect as delivery of an original. This Agreement shall be construed as a Massachusetts contract; is to take effect as a sealed instrument; sets forth the entire agreement between the parties; is binding upon and is intended to benefit the BUYER and SELLER and each of their respective heirs, devisees, executors, administrators, successors and assigns; and may be canceled, modified or amended only by a written agreement executed by both the SELLER and the BUYER. If the SELLER or BUYER is a trust, corporation, limited liability company or entity whose representative executes this Agreement in a representative or fiduciary capacity, only the principal or the trust or estate represented shall be bound, and neither the trustee, officer, shareholder or beneficiary shall be personally liable for any obligation, express or implied. The captions and any notes are used only as a matter of convenience and are not to be considered a part of this Agreement and are not to be used in determining the intent of the parties. Any matter or practice which has not been addressed in this agreement and which is the subject of a Title Standard or Practice of the Real Estate Bar Association for Massachusetts, formerly known as the Massachusetts Conveyancers Association, at the time of performance shall be governed by the Standard of Practice of the Massachusetts Real Estate Bar for Massachusetts and shall not contradict with any provisions of this Agreement.

**MASSACHUSETTS**
ASSOCIATION OF REALTORS®

23.    **Additional Provisions.** _____ _

The Sale is subject to the SELLER obtaining prior to the time for performance specified herein from the Bankruptcy Court a License to Sell this property according to the terms specified herein.

Buyers have had the opportunity to inspect the property on 1/3/23 and accepts the property in As-Is condition as of the date of Buyer's home inspection.  Property shall be delivered vacant and in broom clean condition.

## SEE RIDER A attached hereto and incorporated herein by reference.

UPON SIGNING, THIS DOCUMENT WILL BECOME A LEGALLY BINDING AGREEMENT. IF NOT
UNDERSTOOD, SEEK ADVICE FROM AN ATTORNEY.

| | | | |
|---|---|---|---|
| dotloop verified 01/10/23 11:49 AM EST 7XJS-GLBZ-BGIV-H8QI | | *RYAN FRANCIS* 67c9af4 | 6:58p.m. 01-11-2023 |
| BUYER | Date | SELLER | Date |

| | | | |
|---|---|---|---|
| BUYER | Date | SELLER, or spouse | Date |

| | | | |
|---|---|---|---|
| BUYER | Date | SELLER, or spouse | Date |

**Escrow Agent.** By signing below, the escrow agent agrees to perform in accordance with paragraph 4, but does not otherwise become a party to this Agreement.

| | |
|---|---|
| ESCROW AGENT or representative | Date |

**SELLER'S INITIALS**                                    **BUYER'S INITIALS**

## MASSFORMS"

©1999, 2000, 2002, 2006, 2007, 2008, 2010, 2012, 2020, 2022 MASSACHUSETTS ASSOCIATION OF REALTORS®



RF
a9dc47e

01/10/23
11:49 AM EST
dotloop verified

S at  wide St  n  ard Re  l Es ate Form11

dotloop signature verification: dtlp.us/RMoM-cRYR-SruT

## RIDER A
### TO
### PURCHASE AND SALE AGREEMENT

**RYAN FRANCIS, SELLER**
**NATCHA DORVELUS, BUYER**
**January 10, 2023**

24.   <u>Closing Time and Place</u>.  Such deed is to be delivered at 11:00 o'clock a.m. on the 15th day of February, 2023, at the office of the attorney representing the Buyer's lender, unless otherwise agreed in writing.  It is agreed that time is of the essence of this Agreement. Notwithstanding the provisions of Clause 8 to the contrary, in the event the attorney for BUYER's lender is unable to close BUYER's loan transaction at the Closing, SELLER agrees that the Closing may be extended to a time and date designated by BUYER but in no event later than the tenth (10th) business day after the Closing for performance and that such attorney may change the place for delivery to this office.

25.   <u>Conditions of Purchase</u>.  BUYER's obligation to purchase said premises shall be subject to all of the following conditions being satisfied:

    (a)   all appliances and systems in said premises are in the same condition as at the time of the execution of this agreement, reasonable wear and tear excepted;

    (b)   Holmes Road, on which said premises front, is a public way or there is appurtenant to said premises the perpetual right and easement of record to use Holmes Road and any and all other roads leading to the nearest public street in the Town of Dedham, including without limitation access on foot and in motor vehicles thereon and installation and use thereon and therein of utility service lines for water, electricity, sewer, cable television and telephone service;

    (c)   said premises are served by municipal water;

    (d)   said premises are served by a municipal sewer system;

    (e)   no portion of said premises is subject to (i) General Laws, Chapter 131, Sections 40 and 40A, relative to the filling, dredging or alteration of wetlands, (ii) zoning provisions, ordinances or regulations of the municipality relative to wetlands, flood plains, watershed districts or similar classifications, (iii) zoning provisions, ordinances or regulations of the municipality relative to conservation, land preservation or similar classifications, and (iv) zoning provisions, ordinances or regulations of the municipality relative to historic district restrictions or similar restriction; and (v) the premises comply with applicable zoning, building and subdivision laws and regulations;

    (f)   BUYER can obtain an owner's policy of insurance insuring title to said premises in BUYER, free from encumbrances except as set forth in Clause 4 of this Agreement and for standard exceptions, as are routinely taken in ALTA Owner's policies, issued by a title insurance company qualified to do business in Massachusetts; and

    (g)   the Premises is not located in a flood zone.

    (h)   There shall be no Order of Conditions affecting the premises which shall not have received a complete Certificate of Compliance

    (i)   BUYER's survey or mortgage plot plan indicates that no structure or improvements situated upon the Premises that encroach over or upon the boundary lines of the premises and no structures or improvements from any abutting parcel encroaches over or upon the boundary lines of the premises, or violates said zoning ordinances or by-laws or provisions of M.G.L.

January 9, 2023

chapter 40A, unless such structures or improvements are validly nonconforming in accordance with said ordinances, by-laws and general laws

26.  <u>Broom Clean Condition</u>.  SELLER shall deliver the premises at the Closing vacant and in broom clean condition, removing all personal property, debris and trash, with the exception of personal property included in the purchase price. Between the date of this Agreement and closing the Seller shall continue to maintain and service the premises at the same level as the premises has been maintained during the sellers period of ownership including shoveling of snow and mowing of the lawn/grass.

27.  <u>UST, Chlordane and UFFI</u>.  SELLER represents and warrants to BUYER that (a) there are no underground storage tanks or other subsurface facilities on said premises and (b) chlordane has not been used as a pesticide on said premises.  In addition, SELLER hereby represents, warrants and certifies that, after having taken reasonable steps as determined by the Department of Public Health to determine whether urea formaldehyde foam insulation ("UFFI") is present in said premises, UFFI is not present in the premises. The provisions of this Clause shall survive the Closing.

28.  <u>Affidavits and Certificates</u>.  At the Closing, SELLER shall execute and deliver to BUYER the following documents to be prepared by BUYER, BUYER's attorney or BUYER's lender:
   (a)  an affidavit stating that SELLER is not a foreign person under Internal Revenue Code Section 1445;
   (b)  an affidavit to BUYER and BUYER's title insurance company certifying that there are no parties in possession of said premises other than the current tenants, and that no work has been done on said premises which would entitle anyone to claim a mechanic's or materialman's lien with respect to said premises;
   (c)  Internal Revenue Code Section 1099S Forms and W-9 Forms;
   (d)  an affidavit representing there is no urea formaldehyde foam insulation on or in said premises;
   (e)  a smoke detector certificate pursuant to the requirements of M.G.L., Chapter 48 Section 26F; and
   (f)  any other affidavits and certificates customarily required by BUYER's mortgagee or Buyer's attorney and banks in the greater Boston area in connection with mortgage loans for transactions of this type.

29.  <u>Premises Compliance</u>.  Notwithstanding anything herein contained, said premises shall not be considered to be in compliance with the provisions of this Agreement with respect to title unless:
   (a)  all buildings, structures and improvements, including but not limited to, any driveways, garages and cesspools or leaching fields, and all means of access to said premises, shall be located completely within the boundary lines of said premises and shall not encroach upon or under any property of any other person or entities; and
   (b)  no building, structure, improvement or property of any kind encroaches upon or under said premises from other premises.

30.  <u>Notices</u>.  All notices required or permitted to be given hereunder shall be in writing and deemed duly given when either (a) mailed by registered or certified, first-class mail, return receipt requested, postage prepaid, (b) hand delivered, (c) sent by facsimile or electronic mail with confirmation of successful transmission, or (d) sent by overnight delivery service, addressed:

if to SELLER to:

Thomas Benner, Esquire
Benner Law
33 Samoset Street
Plymouth, MA  02360
Phone  (781) 706-3228
Fax
tbrenner@tbrennerlaw.com

if to BUYER to:

Kathleen M. Allen, Esq.
Dolan Connly, P.C.
50 Redfield Street
Boston, MA 02122
Phone  (617) 265-3100
Fax     (617) 506-6019
kallen@dolanconnly.com

31.   <u>Access</u>.  BUYER, BUYER's agents and BUYER's mortgagee shall have the right of access, upon 24 hours notice and during reasonable hours, to enter on said premises for the purpose of all reasonable inspections, including but not limited to measurements and appraisals.

32.   In addition to adjustments provided for herein, unless paid by SELLER by separate check, there shall be deducted from the balance due SELLER at the Closing the following:
   (a)   Massachusetts and any county deed excises;
   (b)   Balance of brokerage fees due from SELLER;
   (c)   Cost of recording discharges and releases of monetary encumbrances and any title curative documents;
   (d)   Amounts required to discharge outstanding mortgages as of the next business day after the later of the Closing or the deed to BUYER is recorded; and
   (e)   Lender's or BUYER's reasonable attorneys' fee for procuring discharges of outstanding mortgages.

33.   <u>Post-Closing Adjustments and Compliance</u>.  If any errors or omissions are found to have occurred in any calculations or figures used in the settlement statement signed by the parties (or would have been included if not for any such error or omission) and notice hereof is given to the party to be charged, then such party agrees to make a payment to correct the error or omission. The parties hereto also agree to execute and deliver to the requesting party whatever additional documents or amendments to existing documents are reasonably required to effectuate the sale and purchase under this Agreement provided such additional documents or amendments are prepared by the requesting party, and do not in any way adversely affect, or otherwise enlarge the liability of, any of the parties relative to said sale and purchase.  The provisions of this Clause shall survive the Closing.

34.   <u>Keys and Security Systems</u>.  SELLER shall deliver to BUYER, at the Closing, keys for all existing locks to all buildings on said Premises, openers for all automatic garage doors, and all necessary security codes for alarm systems on said premises.

35.   <u>Pending Litigation or other Actions Affecting Premises</u>.  SELLER warrants and represents that SELLER is not aware of any unresolved litigation or pending or ongoing regulatory hearings or actions which could affect said premises, and SELLER agrees to keep BUYER informed, by notice given pursuant to this

dotloop signature verification: dtlp.us/RMoM-cRYR-SruT

Agreement, of any such litigation, hearings or actions, whether scheduled, anticipated, or in progress. The provisions of this paragraph shall survive the delivery of the Deed.

36.  Brokers. BUYER and SELLERS represent to each other that, with the exception of the Broker named herein, neither party has dealt with any broker or any other person in connection with this purchase of said premises hereunder. BUYER and SELLERS agree that each will hold harmless and indemnify the others from any loss, cost, damage and expense, including reasonable attorney's fees, incurred by BUYER and SELLERS for a commission or finder's fee as a result of the falseness of these representations. The provisions of the Clause shall survive the Closing.

37.  Seller's Warranties and Indemnity. SELLER warrants and represents to BUYER as follows:

(a)  SELLER has full right, power and authority to enter into and become bound by this agreement and to consummate the transactions contemplated hereby; that any person other than SELLER executing this Agreement has been duly authorized by all necessary action and has full right, power and authority to execute and deliver this Agreement on behalf of SELLER.

(b)  Said premises and their present uses are not in violation in any respect of applicable zoning, building and subdivision laws and regulations.

(c)  The SELLER has not received any notice that the premises are in violation of any federal, state or local environmental, sanitary, health or safety statute, ordinance, code, by-law, rule or regulation and that the SELLER has no actual knowledge of any such violations;

(d)  the SELLER has no knowledge of any pending betterment assessments, encumbrances, and/or liens affecting the premises;

(e)  to the best of SELLER'S knowledge, the SELLER has complied with all terms and conditions of all existing restrictions or easements applicable to the premises, if any;

(f)  said premises are not subject to any judicial or tax liens;

(g)  There are no tenancies, occupancies or licenses in or to the premises, except the Seller;

(h)  Seller has not commenced nor has Seller received notice of the commencement of any proceeding which seeks to change the present zoning classification of the premises. Seller will not initiate any such proceedings and will promptly notify Buyer if Seller receives notice of any such proceedings commenced by a third party; and

(i)  Seller is the owner of all fixtures conveyed hereunder and there are no conditional sales or retail installment sales agreements to any such fixtures conveyed hereunder.

(j)  there are no pending or proposed municipal betterments for which a lien could be imposed on the Premises;

(k)  All information regarding the Premises furnished by the Seller or Seller's agents to Buyer is true and correct in all material respects;

(l)  Seller has no notice or knowledge of a fire on the Premises causing damage resulting in the filing of an insurance claim and Seller has never filed an insurance claim to repair fire damage to the Premises;

(m)  The Premises has not suffered any flooding or severe water seepage during or after periods of heavy rain and the roof on the Premises as of the closing date does not leak or cause water intrusion into the Premises during or after periods of heavy rain.

The provisions of this paragraph shall survive delivery of the deed.

38.  Prior Agreement. All previous agreements between the Seller and Buyer in connection with the premises (if any), including without limitation any offer to purchase, are hereby declared void and superseded by this Agreement.

January 9, 2023

39.     In the event that the premises shall be substantially damaged by fire or other casualty prior to the delivery of the deed hereunder, the BUYER may elect within five (5) days after notice to them of such fire or other casualty to cancel this Agreement by written notice to SELLER, in which event BUYER's deposit, plus interest, shall be forthwith refunded in full.  Substantial damage shall be defined as damage in excess of five thousand ($5,000.00) dollars.

40.     Eminent Domain.  The Buyer's obligations hereunder are conditioned upon there being no pending proceedings for the exercise of the power of eminent domain with respect to the Premises or any material part thereof.

41.     In the event that the date for the Closing, or the date that any notice required pursuant to this Agreement is due, falls on a Saturday, Sunday, or legal holiday, the Closing, or the due date of such Notice, shall be the next business day.

42.     Seller warrants and represents that they have had no work or improvements completed at the premises that would require a building permit or other construction related permit without first obtaining said permit. The provisions of this paragraph shall survive the delivery of the deed.

43.     To the extent legally possible, Seller agrees to assign to Buyer the benefit of any warranties on appliances in the premises the Seller may currently have in Seller's possession.  Seller at closing, shall deliver to Buyer all documentation in Seller's possession which relates to said warranties, as well as any guides, manuals, instruction booklets relating to same.

44.     Death of Buyer. In the event of the death of either BUYER prior to closing, this agreement may be terminated by Buyer's representative with written notice to SELLER, wherein all deposits paid hereunder shall immediately be refunded to Buyer's representative.

45.     Each of the Parties has consulted with, or had the opportunity to consult with, legal counsel of its own choice concerning the terms and conditions of this Agreement.

46.     It is agreed that a deed executed under Power of Attorney shall not constitute a satisfactory deed under this Agreement.

47.     Paragraph 10 of the main body of this Agreement shall be construed to apply to matters affecting title, the physical condition of the Premises and compliance of the Premises with municipal, county, state or federal codes, ordinances, statutes or regulations concerning the Premises and to which the Premises are subject under the terms of this Agreement.  Said paragraph shall not, however, be construed to excuse SELLER from vacating the Premises at the time set for performance hereunder for reasons such as unavailability of movers, inconvenience or other such delays in performance hereunder.

48.     The Buyer and Seller hereby acknowledge that they have been informed that the Buyer's attorney, Dolan Connly, PC, may be asked to provide legal services on behalf of the mortgage lender for the mortgage loan closing, in addition to the representation of the Buyer in this agreement or transaction, and that the Buyer and Seller has no objection to and consent to this dual representation.

49. If the Premises are affected by an outstanding Order of Conditions issued by the Conservation Commission for the Town in which the Premises are situated SELLER shall provide BUYER or lender's counsel with a certificate of compliance for said Order of Conditions prior to closing.

January 9, 2023

50.     This Agreement is contingent upon the following language, sometimes referred to as "TRID" Rider as set forth below:

The Buyer and Seller acknowledge that mortgage regulations promulgated by the federal Consumer Financial Protection Bureau (CFPB) effective October 3, 2015, and known as the TRID (TILA-RESPA Integrated Disclosure) Rule may affect the parties' ability to close on the date and time specified in this offer and the purchase and sale agreement to be executed thereafter.  To provide for possible delays and reasonably to accommodate each other, the Seller and Buyer agree as follows:

a)      In the event Buyer's mortgage lender is unable to close on the closing date set forth in the executed Purchase & Sale Agreement, the closing date may be extended upon written notice from Buyer to Seller for a period not to exceed eight business days, time remaining of the essence. Notwithstanding specification of the extended closing date in Buyer's written notice, the Buyer retains the right to further extend the closing date by subsequent written notice, provided the extended closing date does not exceed the eighth business day following the original closing date set forth in the Purchase & Sale Agreement.

b)      In the event Buyer's ability to purchase is contingent upon the completion of the sale of Buyer's present residence, but the closing of Buyer's present residence is delayed due to TRID regulation compliance, then Buyer shall be entitled upon written notice to a like delay in closing date, not to exceed a period of eight business days, time remaining of the essence.  Notwithstanding specification of the extended closing date in Buyer's written notice, the Buyer retains the right to further extend the closing date by subsequent written notice, provided the extended closing date does not exceed the eighth business day following the original closing date set forth in the Purchase & Sale Agreement.

c)      All utility readings (water, sewer, fuel value, etc., as applicable) shall be conducted 10 days prior to the specified closing date.  Seller working together with the listing agent (if applicable) shall ensure all readings and adjusted are established on or prior to the 10th day before the closing, and shall be forwarded to the closing attorney as soon as possible, but in no event later than the 10th day.  The settlement statement shall reflect payment and adjustments as of the reading date, with the exception of the real estate tax proration, which shall be made as of the closing date.  There shall be no further adjustment between the parties unless otherwise agreed. Notwithstanding the above, the parties may agree to estimate the fuel adjustment as of the closing date, employing any reasonable method to determine same.

51. Any request made in writing on BUYER's behalf for an extension of the financing contingency contemplated in this paragraph shall reserve BUYER's rights to terminate this agreement.  In the event that SELLER fails to respond in writing to BUYER's request to extend said financing contingency, BUYER's financing contingency shall be preserved until the SELLER responds in writing.

52. Notwithstanding any provisions contained in this Agreement to the contrary, in the event the SELLER is unable to complete the closing and sale of the property by February 15, 2023 BUYER shall have the option of terminating this Agreement with written notice to the SELLER whereupon this Agreement shall be null and void without recourse to either party and all deposits paid hereunder immediately refunded.

| dotloop verified<br>01/10/23 11:49 AM<br>EST<br>1U96-KLLO-KJ55-XJ97 | | *RYAN FRANCIS*<br>e4e7df | 6:58p.m. 01-11-2023 |

BUYER  Natacha Dorvelus                         SELLER Ryan Francis

January 9, 2023

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re                                                    Case No. 23-10003

Ryan R. Francis                                          Chapter 13
                        Debtor


 MOTION FOR LEAVE TO SELL 62 HOLMES ROAD, DEDHAM, MA 02026 FREE AND
CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES TO NATACHA DORVELUS


        WHEREAS the Debtor filed an   motion for leave to sell the real property at 62 Holmes
Road, Dedham, MA ("REAL PROPERTY"); and

        WHEREAS after notice and opportunity for hearing, no interested party filed an
objection to Debtor's Motion to Sell; and

        WHEREAS no party made a counteroffers or higher bid;

        WHEREAS good cause appears for allowing the motion; and

        WHEREAS the Debtor agreed to provide the Chapter 13 Trustee with a copy of the
closing statement within ten days of closing;

        NOW THEREFORE it is ordered that:

   1.  Pursuant to 11 U.S.C. 363(m), the buyers entered the transaction in good faith and the 14-
       day stay of this order is waived;

   2.  the motion is allowed and the REAL PROPERTY may be sold to Natacha Dorvelus;

   3.  The Debtor shall within 14 days of the closing provide the Chapter 13 Trustee with a
       copy of the settlement statement and amend the Chapter 13 Plan.


Dated: _____                          _____
                                         Honorable Janet E. Bostwick

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re                                                      Case No. 23-10003

Ryan R. Francis                                            Chapter 13
                          Debtor

MOTION FOR LEAVE TO SELL 62 HOLMES ROAD, DEDHAM, MA 02026 FREE AND
CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES TO NATACHA DORVELUS

  2/15/2023          **IS THE DATE OF THE PROPOSED SALE**

_____      **IS THE DATE BY WHICH OBJECTIONS OR COUNTERFFERS MUST BE
                     MADE**


**NOTICE IS HEREBY GIVEN,** pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 2002(a)(2) and
6004, and MLBR 2002-5 and 6004-1, that the Debtor intends to sell at private sale, the debtor's
right, title and interest in certain property of the estate.


**PROPERTY TO BE SOLD:** 62 Holmes Road, Dedham, MA 02536


**THE OFFER:**  The Debtor has received an offer to purchase the property for the sum of
$515,000.00.


**THE PROPOSED BUYER:**  The proposed buyer isNatacha Dorvelus . The relationship of the
proposed buyers to the Debtor is:  **None**.

**THE SALE DATE:**  The sale shall take place on or before  February 15, 2023  . The proposed
buyers paid a deposit in the sum of $ 1,000.00   with the Contract to Purchase.  The terms of the
proposed sale are more particularly described in a Motion for Order Authorizing and Approving
Private Sale of Property of the Estate (the "Motion to Approve Sale") filed with the Court on
January 17, 2023 and a written Purchase and Sale Agreement dated January 10, 2023.   The
Motion to Approve Sale and the Purchase and Sale agreement are available at no charge upon
request from the undersigned.

**SALE FREE AND CLEAR OF LIENS:**  The property at 62 Holmes Road, Dedham, MA
02026 will be sold free and clear of all liens, claims and encumbrances.  Any perfected,
enforceable valid liens shall attach to the proceeds of the sale according to priorities established
under applicable law.

**COUNTEROFFERS OR OBJECTIONS:**  Any objections to the sale and/or higher offers must be filed in writing with the Clerk, United States Bankruptcy Court at <u>J.W. McCormack Post Office & Court House, 5 Post Office Square, Clerk's Office, Boston, MA 02109</u> on or before - _____ at 4:30 PM (the "Objection Deadline").  A copy of any objection or higher offer also shall be served upon the undersigned.  Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized.  Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

Through this Notice, higher offers for the Property are hereby solicited.  Any higher offer must be accompanied by a cash deposit of $____1,000.00____ in the form of a certified or bank check made payable to the undersigned.  Higher offers must be on the same terms and conditions provided in the Purchase and Sale Agreement, other than the purchase price.

**HEARING:**  A hearing on the Motion to Approve Sale, objection or higher offers is scheduled to take place on _____ at _____ AM/PM before the <u>Honorable Janet E. Bostwick,</u> United States Bankruptcy Judge, ___Courtroom_____. Any party who has filed an objection or higher offer is expected to be present at the hearing, failing which the objection may be overruled or the higher offer stricken.  The Court may take evidence at any hearing on approval of the sale to resolve issues of fact.  If no objection to the Motion to Approve Sale or higher offer is timely filed, the Court, in its discretion, may cancel the scheduled hearing and approve the sale without a hearing.

At the hearing on the sale the Court may 1.) Consider any requests to strike a higher offer, 2.) Determine further terms and conditions of the sale, 3.) Determine the requirements for further competitive bidding, and 4.) Require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

**DEPOSIT:** The deposit will be forfeited to the estate if the successful purchaser fails to complete the sale by the date ordered by the Court.  If the sale is not completed by the buyer approved by the Court, the Court, without further hearing, may approve the sale of the Property to the next highest bidder.

Any questions concerning the intended sale shall be addressed to the undersigned.

<div style="margin-left:50%">

Respectfully submitted,
Through Counsel,

</div>

Dated: January 16, 2023          _/s/ Thomas C. Benner_
Thomas C. Benner, Esq.
Benner Law, P.C.
33 Samoset Street
Plymouth, MA  02360
(508) 746-8030
BBO# 655483
tbenner@tbennerlaw.com

## **CERTIFICATE OF SERVICE**

I, Thomas C. Benner, certify that on January  16, 2023 a true and accurate copy of the foregoing Motion was served on the following parties via first class mail, postage pre-paid or electronically.

By electronic mail using Court's CM/ECF system:

John Fitzgerald, Esq., Office of the United States Trustee
Carolyn Bankowski, Esq., Chapter 13 Trustee

By regular mail, postage pre-paid:

Ryan R. Francis
62 Holmes Road
Dedham, MA 02536

Attached list of service recipients

*/s/ Thomas C. Benner*
Thomas C. Benner
Benner Law, P.C.
33 Samoset Street
Plymouth, MA  02360
(508) 746-8030
BBO# 655483
tbenner@tbennerlaw.com

Alisa Katz Campbell, Esq.
7 Cabot Pl
Stoughton, MA  02072-4631

American Builders & Contractor Supply DBA
ABC Supply Co, Inc.
1 Abc Pkwy
Beloit, WI  53511-4466

Adrienne T. Kimball
Adrienne T. Kimball Revocable Trust
20 Cumberland St
Boston, MA  02115-5306

American Profit Recovery
34505 W 12 Mile Rd Ste 333
Farmington, MI  48331-3288

Beacon Sales Acquisition Inc
DBA Beacon Sales Company
1150 W Chestnut St
Brockton, MA  02301-5591

American InfoSource
4515 N Santa Fe Ave
Oklahoma City, OK  73118-7901

Daniel H. Conroy, Esq.
Kenney & Sams PC
144 Turnpike Rd
Southborough, MA  01772-2121

Dental Specialties Inc
245 Washington St
Dedham, MA  02026-1826

Capital One
PO Box 30285
Salt Lake City, UT  84130-0285

Discover Bank
PO Box 30939
Salt Lake City, UT  84130-0939

Edfinancial Services L
120 N Seven Oaks Dr
Knoxville, TN  37922-2359

Department of Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

James Thomas Kinder, Esq
9 Whiting Rd
Dover, MA  02030-2452

Jonathan H Allen, Esq
Peskin Courchesne & Allen PC
1391 Main St Ste 201
Springfield, MA  01103-1642

Hibu, Inc
90 Merrick Ave Ste 530
East Meadow, NY  11554-1575

Mass. Dept of Revenue
PO Box 9564
Boston, MA  02114-9564

Medical Payment Data
PO Box 94498
Las Vegas, NV  89193-4498

Laurence K Richmon & Associates PC
1419 Hancock St
Quincy, MA  02169-5250

National City Mortgage
dba Commonwealth United Mrtg Co
1600 Falmouth Rd Ste 14
Centerville, MA  02632-2939

Nissan Inf Lt
PO Box 660366
Dallas, TX  75266-0366

Military Star
3911 S Walton Walker Blvd
Dallas, TX  75236-1509

Pace Representatives Inc
1 Rockdale St Ste 200
Braintree, MA  02184-1770

(p)PARK COMMUNITY CREDIT UNION
ATTN BANKRUPTCY
2515 BLANKENBAKER PARKWAY
LOUISVILLE KY 40299-2465

Norwood Urgent Care
103 Providence Highway Rte # 1-S
East Walpole, MA 02032-1512

Philip L. Elker, Esq
PO Box 1241
Patagonia, AZ  85624-1241

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Park Communtiy Credit Union
1 Clarks Hl Ste 302
Framingham, MA  01702-8172

Smith Levenson Cullen & Aylward
5 Essex Green Dr Ste 6
Peabody, MA  01960-2914

The Garland Company
3800 E 91st St
Cleveland, OH 44105-2197

Tufts Med Center
800 Washington St
Boston, MA  02111-1552

Verizon
500 Technology Dr
Weldon Spring, MO  63304-2225


Wayne Richard & Hurwitz
35 Braintree Hill Park Ste 201
Braintree, MA  02184-8708

Wilmington Trust National Association
c/o Planet Home Lending LLC
321 Research Pkwy Ste 303
Meriden, CT  06450-8342

Yellowbook Sales & Distribution
90 Merrick Ave Ste 530
East Meadow, NY  11554-1575


Park Community Credit Union
PO Box 18630
Louisville, KY  40261-0630

Portfolio Recovery Associates LLC
Attn: Bankruptcy
PO Box 41067
Norfolk, VA  23541-1067

Ryan R. Francis
63 Holmes Rd
Dedham, MA 02026-5309